UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GERALDINE HICKEY,

                Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-7053 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Geraldine Hickey commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB"). Before the Court are the parties' cross-motions for judgment on the pleadings. (Dkts. 10, 14.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. This case is remanded for further proceedings consistent with this Memorandum & Order.

**BACKGROUND**

**I.    Procedural History**

On July 30, 2014, Plaintiff filed an application with the SSA for DIB, in which she alleged she had been disabled as of June 1, 2011, and that her date last insured was December 31, 2013. (Administrative Transcript ("Tr."), Dkt. 9, at 72.) Her application was denied. (*Id.* at 79–86.) After requesting a hearing (*id.* at 88), Plaintiff appeared before Administrative Law Judge Patrick Kilgannon (the "ALJ") on January 10, 2017, and September 28, 2017 (*id.* at 24−64). In a decision dated October 27, 2017, the ALJ determined that Plaintiff was not disabled and was therefore not entitled to DIB. (*Id.* at 7−23.) Plaintiff requested review of the ALJ's decision, and the SSA

1

declined that request on October 9, 2018. (*Id.* at 1–6.) Thereafter, Plaintiff timely[1] filed the instant action. (*See generally* Complaint, Dkt. 1.)

## II.     The ALJ Decision

In evaluating disability claims, the ALJ must adhere to a five-step inquiry. The claimant bears the burden of proof in the first four steps of the inquiry; the Commissioner bears the burden in the final step. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). First, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the answer is yes, the claimant is not disabled. If the answer is no, the ALJ proceeds to the second step to determine whether the claimant suffers from a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the impairment is not severe, then the claimant is not disabled. In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2011, and that Plaintiff suffered from the following severe impairments: "status post left ankle fracture with complex

---

[1] Section 405(g) provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary." *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing 20 C.F.R. §§ 404.981, 422.210(c)). Applying this standard, the Court determines that Plaintiff received the Commissioner's final decision on October 14, 2018. Plaintiff filed the instant action on December 11, 2018—58 days later. (*See generally* Complaint, Dkt. 1.)

regional pain syndrome (CRPS)/reflex sympathetic dystrophy (RSD)[2] and degenerative joint disease of the right knee." (Tr. at 12.)

Having determined that Plaintiff satisfied her burden at the first two steps, the ALJ proceeded to the third step, at which the ALJ considers whether any of the claimant's impairments meet or equal one of the impairments listed in the Social Security Act's regulations (the "Listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1. In this case, the ALJ concluded that none of Plaintiff's impairments met or medically equaled the severity of any of the impairments in the Listings. (Tr. at 13.) Moving to the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a).[4] (*Id.*) Qualifying his RFC determination, the ALJ noted that Plaintiff

---

[2] CRPS, also known as RSD, is:

a chronic pain syndrome most often resulting from trauma to a single extremity. It can also result from diseases, surgery, or injury affecting other parts of the body. The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma.

*Galuszka v. Reliance Standard Life Ins. Co.*, No. 15-CV-241 (CCR), 2017 WL 78889, at *6 (D. Vt. Jan. 9, 2017) (ellipsis and citation omitted).

[3] To determine the claimant's RFC, the ALJ must consider the claimant's "impairment(s), and any related symptoms . . . [which] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

[4] According to the applicable regulations,

[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

"cannot climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch and crawl." (*Id.*)

Relying on his RFC finding from step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a legal secretary. (*Id.* at 17.) As such, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 18.)

## STANDARD OF REVIEW

Unsuccessful claimants for disability benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits. 42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the Court's role is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*, 697 F.3d at 151 (quotation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quotations and brackets omitted). In determining whether the Commissioner's findings were based upon substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Id.* (quotation omitted). However, the Court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). If there is substantial evidence in the record to support the Commissioner's findings as to any fact, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly weighing the opinions of the treating physicians and the consultative medical expert; and (2) failing to properly explain his evaluation

4

of Plaintiff's credibility. (Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl.'s Br."), Dkt. 11, at 11−20.) The Court addresses each argument in turn.

## I. Treating Physician Rule

"With respect to the nature and severity of a claimant's impairments, the SSA recognizes a treating physician rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."[5] *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks, brackets, and citations omitted). As the Second Circuit has explained:

> An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion. Among those factors are: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the [SSA's] attention that tend to support or contradict the opinion. The regulations also specify that the Commissioner will always give good reasons in her notice of determination or decision for the weight she gives [the] claimant's treating source's opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks, brackets, and citations omitted).

"Before the ALJ can disregard a treating physician's medical opinion, the ALJ must first ask the treating physician to clarify the deficiencies the ALJ perceives in that opinion." *Austin v. Comm'r of Soc. Sec.*, No. 18-CV-331 (PKC), 2019 WL 4751808, at *6 (E.D.N.Y. Sept. 30, 2019) (citation omitted). "[T]he ALJ must seek additional evidence or clarification when the report from claimant's medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable

---

[5] Although "[t]he current version of the [Social Security Act]'s regulations eliminates the treating physician rule," the rule nevertheless applies to Plaintiff's claim, which was initially filed on August 7, 2014, as the current regulations only "apply to cases filed on or after March 27, 2017." *Burkard v. Comm'r of Soc. Sec.*, No. 17-CV-290 (EAW), 2018 WL 3630120, at *3 n.2 (W.D.N.Y. July 31, 2018); *see also* 20 C.F.R. § 404.1520(c).

clinical and laboratory diagnostic techniques." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010) (internal quotation marks omitted); *see also Wilson v. Colvin*, 107 F. Supp. 3d 387, 407 (S.D.N.Y. 2015) ("Legal errors regarding the duty to develop the record warrant remand." (collecting cases)).

Furthermore, while an ALJ is entitled to disregard the opinion of a claimant's treating physician after giving the physician the opportunity to correct the deficiencies in her medical reports, the ALJ must make clear that this decision is based on conclusions made by other medical professionals. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) ("The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion."); *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.").

### A. Dr. Mohammed Hadi

The Court finds that remand is required in order to enable the ALJ to properly assess the medical opinion provided by Dr. Mohammed Hadi,[6] Plaintiff's treating physician from August 2013 through August 2016. (Tr. at 463−70, 475−78, 521−26, 530−38.) Dr. M. Hadi diagnosed Plaintiff with left ankle RSD and noted pain in the right knee and the lower back. (*Id.* at 463−64.) He opined that, in an eight-hour work day, Plaintiff can sit for two hours, stand/walk for less than one hour, and lift/carry less than five pounds occasionally. (*Id.* at 466−67.)

---

[6] Because Plaintiff's current treating physician, since 2016, is Dr. *Abdussami* Hadi, the Court refers to Dr. Mohammed Hadi as "Dr. M. Hadi" and Dr. Abdussami Hadi as "Dr. A. Hadi."

The ALJ, while acknowledging that Dr. M. Hadi was Plaintiff's treating physician,[7] accorded "less weight" to Dr. M. Hadi's opinion because it was "not supported by the objective medical evidence, including the doctor's own records." (*Id.* at 16.) The ALJ relied on the fact that Dr. M. Hadi commented in his notes that Plaintiff was "doing well on Oxycodone" and "in no acute distress" (*id.* at 532−38) and that Dr. M. Hadi noted in his medical source statement that Plaintiff had lower back pain, when this statement was not in Dr. M. Hadi's treatment notes. However, the ALJ appears to have taken certain portions of Dr. M. Hadi's treatment notes out of context. The relevant parts of Dr. M. Hadi's treatment notes state that "[p]ain is sharp, severe, often swells. . . . Patient is doing well on Oxycodone. . . . Patient notes that her left foot is quite painful. She reports pain on the bottom of the foot, worst in the morning. Still having pain at left ankle." (*Id.* at 532.) Thus, Dr. M. Hadi's comment about Oxycodone seems to be about Plaintiff's reaction to Oxycodone, rather than Plaintiff's pain level or physical limitations at that time or as a result of treatment or medication. Dr. M. Hadi goes on to state in his notes that "General: Normotensive, in no acute distress," which seems to describe Plaintiff's general state and does not address Plaintiff's ability to work. (*Id.*)

"[I]f a physician's report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional

---

[7] The parties do not dispute that the treating physician rule applies to Dr. M. Hadi, even though Defendant suggests that "[i]t merits noting that the ALJ generously treated Dr. [M.] Hadi's opinion as applying to the relevant period at all[,]" given that Dr. M. Hadi "rendered his opinion more than 15 months after Plaintiff's date last insured . . . ." (Memorandum of Law in Support of the Defendant's Cross-Motion for Judgment on the Pleadings ("Def.'s Br."), Dkt. 15, at 20 n.4.) "If a physician who treated the claimant before his or her date last insured provides a retrospective opinion, the treating physician rule applies and the opinion may be entitled to controlling weight." *Perrone v. Saul*, No. 17-CV-125 (RNC), 2019 WL 4744820, at *5 (D. Conn. Sept. 30, 2019). Because Dr. M. Hadi treated Plaintiff prior to Plaintiff's date last insured and gave his opinion in 2015 (*see* Tr. at 15), the Court finds that the treating physician rule applies to Dr. M. Hadi.

information from the physician, as needed, to fill any clear gaps before rejecting the doctor's opinion." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010). Since the ALJ deemed Dr. M. Hadi's conclusion regarding the severity of Plaintiff's physical limitations inconsistent with his notes and believed that Dr. M. Hadi wrongfully relied on post-date-last-insured impairments, such as Plaintiff's lower back pain, the ALJ should have sought clarification from Dr. M. Hadi regarding the deficiencies he perceived in Dr. M. Hadi's opinion.

The ALJ also found that Dr. M. Hadi's opinion did not "comport with the activities of daily living that [Plaintiff] described to the [consultative examiner]," namely, that Plaintiff was able to shower, bathe, and dress independently and was able to cook and do shopping and laundry. (Tr. at 16.) This was improper. "The Second Circuit has repeatedly recognized that '[a] claimant need not be an invalid to be found disabled.'" *Colon v. Astrue*, No. 10-CV-3779 (KAM), 2011 WL 3511060, at *14 (E.D.N.Y. Aug. 10, 2011) (quoting *Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988)); *see also Cabibi v. Colvin*, 50 F. Supp. 3d 213, 238 (E.D.N.Y. 2014) ("Indeed, it is well-settled that the performance of basic daily activities does not necessarily contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves." (internal quotation marks and citations omitted)). "Plaintiff's reports of her daily activities by themselves are not substantial evidence that she was not disabled and are insufficient to justify according [the treating physician's] opinion limited weight." *Nusraty v. Colvin*, 213 F. Supp. 3d 425, 440 (E.D.N.Y. 2016). The ALJ thus improperly relied on the inconsistencies between Plaintiff's reported daily activities and Dr. M. Hadi's opinion to discount that opinion.

The ALJ noted that Dr. M. Hadi's findings were "not at all consistent with the physical findings of the consultative examiner[, Dr. Linell Skeene, an orthopedist]." (Tr. at 16.) "While

8

the opinion of a consultative examiner may constitute substantial evidence, [the Second Circuit] ha[s] cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Byrne v. Berryhill*, 752 F. App'x 96, 98 (2d Cir. 2019) (summary order) (internal quotation marks and citations omitted). "[I]n a conflict of views between a treating doctor and a onetime consultant, the conflict should be resolved in favor of the treating physician. Otherwise stated, the opinions of onetime examiners do not overrule those of a treating physician barring any serious errors in the treating physician's opinion . . . ." *Cabreja v. Colvin*, No. 14-CV-4658 (VSB), 2015 WL 6503824, at *30 (S.D.N.Y. Oct. 27, 2015) (internal citation omitted). Dr. Skeene only examined Plaintiff one time in 2012 (Tr. at 432–36), whereas Dr. M. Hadi treated Plaintiff for four years. "[T]o the extent that [Dr. M. Hadi's] and [Dr. Skeene's] opinions were inconsistent with each other, the ALJ had an affirmative duty to develop the record." *See Vevo v. Berryhill*, No. 17-CV-2370 (PKC), 2018 WL 3966236, at *2 (E.D.N.Y. Aug. 17, 2018). However, the ALJ simply concluded that Dr. M. Hadi's opinion should be accorded less weight, in whole or part, because it conflicted with Dr. Skeene's. This was error. The ALJ should have sought clarification from Dr. M. Hadi regarding his opinion's inconsistencies with Dr. Skeene's opinion.

Therefore, the ALJ's "good reasons" for affording Dr. M. Hadi's opinion little weight are based on conclusions not supported by substantial record evidence, warranting remand. *See Austin*, 2019 WL 4751808, at *6 (remanding because the ALJ failed to seek clarification from the treating physician); *Mauro King v. Berryhill*, 251 F. Supp. 3d 438, 447 (N.D.N.Y. 2017) (remanding because the ALJ relied on the consultative examiner's vague opinion to dismiss the treating physician's opinion); *Nusraty*, 213 F. Supp. 3d at 440−41 (remanding where the ALJ improperly relied on the plaintiff's reported functions to dismiss the treating physician's opinion).

B.     Dr. Abdussami Hadi

The Court holds that remand is required to enable the ALJ to properly assess the medical opinion provided by Dr. A. Hadi, Plaintiff's current treating physician as of 2016. Dr. A. Hadi concluded that Plaintiff's symptoms started as early as June 1, 2011 (during the period before Plaintiff's date last insured). (Tr. at 677.)

The ALJ assigned little weight to Dr. A. Hadi's opinion because he "only started treating [Plaintiff] in August 2016, almost three years after her date last insured [and] [was] unable to speak to what [Plaintiff's] condition was at the time of her date last insured in 2013." (Tr. at 16.) This was error. "The retrospective opinion of a doctor who is currently treating a claimant is entitled to significant weight even though the doctor did not treat the claimant during the relevant period." *Martinez v. Massanari*, 242 F. Supp. 2d 372, 377 (S.D.N.Y. 2003) (internal quotation marks and citation omitted); *see also Dousewicz v. Harris*, 646 F.2d 771, 774 (2d Cir. 1981) ("While [the treating physician] did not treat the appellant during the relevant period before September 30, 1971, his opinion is still entitled to significant weight."); *McAllister v. Colvin*, 205 F. Supp. 3d 314, 332 (E.D.N.Y. 2016) ("[E]ven if [the treating physician] did not treat plaintiff during the period prior to plaintiff's date last insured, that fact alone does not show that [the treating physician's] opinion warrants no consideration or weight."). Because the ALJ did not find that Dr. A. Hadi's opinion was inconsistent with or unsupported by the medical and nonmedical evidence in the record, the ALJ should have accorded it more, if not significant, weight. *Cf. Butler v. Colvin*, No. 13-CV-352 (DRH), 2014 WL 6909529, at *14 (E.D.N.Y. Dec. 4, 2014) ("Although [the treating physician] began treating Plaintiff after the date last insured, his retrospective opinion should nevertheless have been afforded significant weight by the ALJ in the absence of contradictory medical evidence or overwhelmingly compelling non-medical evidence."). At a minimum, the ALJ should not have discounted Dr. A. Hadi's opinion simply because he did not

treat Plaintiff during the period prior to the date last insured. Therefore, remand is warranted for the ALJ to accord proper weight to Dr. A. Hadi's opinion. *See Salisbury v. Colvin*, No. 13-CV-2805 (VEC) (MHD), 2015 WL 5458816, at *31 (S.D.N.Y. Sept. 1, 2015) (remanding where the ALJ's finding that "a retrospective report issued by a post-date-last-insured treating doctor can in 'no logical way' pinpoint the onset of depression to 'an earlier point in time'" was "blatantly contrary to relevant case law"), *report and recommendation adopted*, No. 13-CV-2805 (VEC) (MHD), 2015 WL 5566275 (S.D.N.Y. Sept. 21, 2015).

### C. Dr. Louis Fuchs

The Court further finds that the ALJ erred in assigning "good weight" to the opinion of the non-examining medical expert,[8] Dr. Fuchs. (Tr. at 15.)

A non-examining medical expert's "opinion cannot constitute substantial evidence and normally may not override a treating source's opinion unless it is supported by sufficient medical evidence in the record." *Fontanez v. Colvin*, No. 16-CV-1300 (PKC), 2017 WL 4334127, at *19 (E.D.N.Y. Sept. 28, 2017) (citation omitted); *see also Roman v. Astrue*, No. 10-CV-3085 (SLT), 2012 WL 4566128, at *16 (E.D.N.Y. Sept. 28, 2012) ("The medical opinion of a non-examining medical expert does not constitute substantial evidence and may not be accorded significant weight."); *Minsky v. Apfel*, 65 F. Supp. 2d 124, 138 (E.D.N.Y. 1999) ("[Medical] advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant." (internal quotation and citation omitted)). "[A]n ALJ is not permitted to credit the consultative opinion without 'comprehensively set[ting] forth' 'good reasons.'" *Anderson v. Colvin*, No. 15-CV-6720 (PKC), 2017 WL 1166350, at *10 (E.D.N.Y. Apr. 3, 2017) (quoting *Halloran*, 362 F.3d at 33). The ALJ failed to offer any explanation for

---

[8] According to the ALJ's decision, Dr. Fuchs is an orthopedic surgeon. (Tr. at 14.)

11

according "good weight" to Dr. Fuchs's opinion. He merely found that Dr. Fuchs "reviewed the entire medical record, both before and after the date last insured" and was "a specialist in the field of orthopedics and [was] familiar with the requirements of the Social Security disability program." (Tr. at 15.) Such an explanation is insufficient to justify giving significant weight to the opinion, or crediting it over that of Plaintiff's treating physicians. *Anderson*, 2017 WL 1166350, at *10 (finding insufficient the ALJ's conclusion that the non-examining physician's opinion was consistent with the record).

* * *

In sum, the Court finds that remand is necessary to enable the ALJ, *inter alia*, to: (1) obtain clarification to determine whether Dr. Mohammed Hadi's opinion is entitled to controlling weight; (2) reconsider Dr. Abdussami Hadi's opinion with the proper deference owed to a current treating physician; and (3) explain with specificity the ALJ's decision to give "good weight" to Dr. Fuchs's opinion.

## II. Credibility Determination

"The ALJ must follow a two-step process to evaluate a claimant's assertions of pain and other symptoms." *Cabassa v. Astrue*, No. 11-CV-1449 (KAM), 2012 WL 2202951, at *13 (E.D.N.Y. June 13, 2012). "At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (citing 20 C.F.R. § 404.1529(a)) (alteration omitted).

> The ALJ must consider statements the claimant or others make about her impairment(s), her restrictions, her daily activities, her efforts at work, or any other relevant statements she makes to medical sources during the course of examination or treatment, or to the agency during interviews, on applications, in letters, and in testimony in its administrative proceedings.

*Villegas Andino v. Comm'r of Soc. Sec.*, No. 18-CV-1780 (PKC), 2019 WL 4575364, at *5 (E.D.N.Y. Sept. 19, 2019) (alteration omitted) (quoting *Genier*, 606 F.3d at 49).

The Court holds that remand is required to enable the ALJ to engage in the proper analysis before deciding how much to credit Plaintiff's statements about her own pain. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision." (Tr. at 14.) This was error. The ALJ cannot "reject the claimant's statements about the intensity and persistence of her pain or other symptoms or about the effect her symptoms have on her ability to work solely because the available objective evidence does not substantiate the claimant's statements." *Hudson v. Berryhill*, No. 17-CV-463 (MAT), 2018 WL 4550310, at *6 (W.D.N.Y. Sept. 21, 2018) (quotations and brackets omitted).

The relevant regulations set out a seven-factor test to evaluate Plaintiff's own subjective statements regarding pain.[9] *See* 20 C.F.R. § 404.1529(c)(3). "If the ALJ rejects plaintiff's testimony after considering the objective medical evidence and any other factors deemed relevant, he must explain that decision with sufficient specificity to permit a reviewing court to decide whether there are legitimate reasons for the ALJ's disbelief." *Fernandez v. Astrue*, No. 11-CV-

---

[9] These are: (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate her pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of her pain or other symptoms; (vi) any measures the claimant uses or has used to relieve her pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

13

3896 (DLI), 2013 WL 1291284, at *18 (E.D.N.Y. Mar. 28, 2013) (quoting *Correale-Englehart*, 687 F. Supp. 2d at 435). Here, the ALJ failed to explain why Plaintiff's reports of her pain and limited mobility were not credible, let alone discuss any factors identified in the regulations. This error alone requires remand. *See Felder v. Astrue*, No. 10-CV-5747 (DLI), 2012 WL 3993594, at *13 (E.D.N.Y. Sept. 11, 2012) ("The Court finds the ALJ erred when she failed to properly apply the required seven factors set forth in 20 C.F.R. § 404.1529 in making her credibility determination. Accordingly, the matter also is remanded with instruction to conduct a new credibility determination."); *Grosse v. Comm'r of Soc. Sec.*, No. 08-CV-4137 (NGG), 2011 WL 128565, at *5 (E.D.N.Y. Jan.14, 2011) (finding that the ALJ committed legal error in "wholly fail[ing] to consider" factors (ii) to (vii)). On remand, the ALJ should determine Plaintiff's credibility according to the factors set forth in 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii).

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration and new findings consistent with this Memorandum & Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 23, 2020
Brooklyn, New York