UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GERALDINE HICKEY,

                Plaintiff,

       - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-7053 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Geraldine Hickey filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded to the SSA, where Plaintiff was awarded roughly $138,116 in past-due benefits. Plaintiff's counsel, Eddy Pierre of the Pierre Pierre Law, now moves for $34,529 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Pierre Pierre Law's motion is granted.

## BACKGROUND

After representing herself before the SSA, Plaintiff retained Pierre Pierre Law firm and filed this action on December 11, 2018. (Dkt. 1.) After the parties filed cross-motions for judgment on the pleadings, and Plaintiff filed a reply brief, the Court granted Plaintiff's motion, remanded to the SSA, and awarded Plaintiff $6,197 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkts. 18, 20; 04/17/2020 Docket Order.) On July 18, 2021, the SSA mailed a Notice of Award letter informing Plaintiff that she would receive approximately $138,116 in past-due benefits, with 25% ($34,529) withheld as possible fees for

1

her attorney. (Dkt. 23-3.[1]) That letter was not sent to Pierre Pierre Law, however, but to Plaintiff's prior counsel. (Dkt. 22 at 8.) Pierre Law did not receive a copy until September 17, 2021. (*Id.*) At that time, due to the COVID-19 pandemic, Attorney Pierre's office had limited staff and the deadline to file the motion was not calendared. (*Id.* at 9.) On October 30, 2021, Pierre Pierre Law filed the present motion, seeking $34,529 for work performed before this Court. (Dkt. 21.)

Along with the motion, Pierre Pierre Law submitted the retainer agreement with Plaintiff, demonstrating that Hickey retained Pierre Pierre Law on a 25% contingency-fee basis, and itemized time records, indicating that it spent a total of 35.01 attorney hours litigating this matter before this Court. (Dkts. 23 ¶ 12; 23-1.) $34,529 for 35.01 hours of work would be an effective hourly rate of $986.26 per hour.

## DISCUSSION

### I.     Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5.[2] Furthermore, because Rule 54(d) allows judges to extend the

---

[1] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $34,529. (Dkt. 23-3.)

[2] The SSA insists, in this case and others, that the 14-day filing period runs from when the claimant—not counsel—receives notice of the benefits award. (*See* Dkt. 25.) As this Court has repeatedly discussed, *Sinkler* contains two sentences that are apparently contradictory, at least in cases where the claimant and counsel receive notice on different dates—one stating that the 14-day filing period runs from when the *claimant* receives notice, and one stating that the 14-day filing period runs from when *counsel* receives notice. Despite the SSA's insistence, this Court and others have repeatedly concluded that "starting the 14-day period when *counsel* receives notice of the benefit award is more consistent with *Sinkler*'s logic, because until counsel receives notice of

2

14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Pierre Pierre Law represents that it received the notice of award letter on September 17, 2021. (Dkt. 22 at 8.) The deadline to file the present motion was thus October 1, 2021, and Attorney Pierre did not file the present motion until October 30, 2021, *i.e.*, 30 days late. The Court, however, credits Pierre Pierre Law's representation that the COVID-19 pandemic affected the operations of the law office, and *nunc pro tunc* grants a 30-day extension of the time to file, making the present motion timely filed.

## II. Reasonableness of the Requested Fee

### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due

---

the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." *Hanlon v. Comm'r of Soc. Sec.*, No. 18-CV-7090 (PKC), 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022); *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (collecting cases). Despite this district's local rule that, "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff," Local Rule 5.5(g)(1), where—as here—Plaintiff's counsel has represented that he received the notice after Plaintiff, the time to file a § 406(b) motion starts from the day counsel receives the notice of award letter.

3

benefits[3]; and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853.

With respect to whether a fee would be a "windfall," in *Fields* the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicated the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

### B. Application

Here, Plaintiff retained Attorney Pierre pursuant to a 25% contingency-fee agreement. (Dkt. 23-1.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Attorney Pierre seeks the full 25% of Plaintiff's past-due benefits. At 35.01 hours of work, that would be an effective hourly rate of $986.26 per hour. For the reasons explained below, in the context of this case, the Court does not find that amount to be unreasonable under binding Second Circuit precedent.

Here, the character of the representation and the results that the representative achieved were of high quality. Attorney Pierre's briefing identified the grounds on which this Court ultimately remanded, the results that the representative achieved were exactly what the client hoped for, and Pierre Pierre Law did not request any briefing extensions and was not the cause for any delay in Plaintiff achieving that result.

In addition, "the ability and expertise of the lawyers and whether they were particularly efficient," does not warrant a downward adjustment in the context of this case. In *Fields*, the Second Circuit found that 25.8 hours to review an 863-page transcript, draft a 19-page brief, and then obtain a stipulation of dismissal, demonstrated particular efficiency, and "other lawyers might reasonably have taken twice as much time" to do the same work. 24 F.4th at 854. Here, the transcript was 754 pages (Dkt. 9), the opening brief was 26 pages (Dkt. 11), and Plaintiff's counsel was also required to draft a reply brief (Dkt. 17). Plaintiff's counsel spent nowhere near double

5

the 25.8 hours expended in *Fields*, so the Court would be hard-pressed to find the number of hours spent by counsel in this case unreasonable under binding Second Circuit precedent. Furthermore, even if the Court considered Pierre Pierre Law less experienced or efficient than plaintiff's counsel in *Fields*, the *de fact* hourly rate in *Fields* was $1,556.98, over 50% more than what is sought here.

With respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes a significant distinction from *Fields*. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall. *See* 24 F.4th at 855. Here, Pierre Pierre Law did not begin to represent Plaintiff until after her application for benefits had been finally denied at the administrative level. Accordingly, Pierre Pierre was simply not in a position to be as efficient before the district court as plaintiff's counsel was in *Fields*. However, counsel here spent less than 10 hours more on the case than plaintiff's counsel in *Fields*, despite drafting a reply brief, and seeks approximately 50% less per hour. Accordingly, despite the distinction from *Fields*, a downward adjustment is not justified based on this factor under the circumstances in this case.

Furthermore, "the satisfaction of the disabled claimant" does not warrant a downward adjustment. Plaintiff is presumably satisfied with receiving the past-due benefits that she sought, there is no evidence in the record to the contrary, and Pierre Pierre Law did not cause any delay in Plaintiff receiving that result.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," this factor also does not justify a downward

6

adjustment. Plaintiff's claim was denied four separate times at the administrative level. (Dkt. 22 at 5.) It was thus far from clear whether a § 405(g) appeal would be successful, and Plaintiff's counsel was required to expend efforts learning and briefing the case before this Court in order to succeed.

For the reasons explained above, the Court does not find the requested amount to be unreasonable under Second Circuit precedent. However, upon receiving the § 406(b) award, Pierre Pierre must remit the $6,197 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Pierre Pierre Law is awarded $34,529. Upon receipt of this award from the government, Pierre Pierre Law shall promptly refund Plaintiff $6,197, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 25, 2022
      Brooklyn, New York